12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bragg H. ODOM, Plaintiff-Appellant,
v.
TENNESSEE RIVER PULP AND PAPER COMPANY, Defendant-Appellee.
 No. 93-5459.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Bragg H. Odom appeals pro se from a district court judgment dismissing his discrimination case filed under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-631. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Odom alleged that he was discriminated against because of his age when he was forced to choose between termination and early retirement. On March 2, 1993, the district court granted the defendant's motion for summary judgment and dismissed the case. It is from this judgment that Odom now appeals.
 
 
 4
 The appropriate tests for analyzing Odom's discrimination claim were described in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).
 
 
 5
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 6
 Id. at 252-53 (citation omitted) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). While the burden of production shifts under this analysis, the burden of persuasion stays at all times with the plaintiff. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993). Odom has not met this burden because the defendant has asserted a non-discriminatory reason for its actions, and Odom has not raised a genuine issue as to whether this reason was pretextual.
 
 
 7
 Odom concedes that he removed company property from the defendant's plant without formal authorization, but he argues that his actions were consistent with company policy because other employees did the same. However, the district court properly found that the defendant had articulated a legitimate non-discriminatory reason for its actions. Odom's assertion that the defendant was mistaken is not enough per se to demonstrate a discriminatory animus. See id. at 2753.
 
 
 8
 Odom also argues that a younger employee had not been terminated, even though he had made approximately $3,000 in unauthorized telephone calls. However, the district court properly found that the defendant's enforcement of its policies had not been inconsistent, as the facts in Odom's case were distinguishable. Odom has not shown that the reason asserted for the defendant's actions was a pretext for discrimination. See Mitchell v. Toledo Hosp., 964 F.2d 577, 584-85 (6th Cir.1992) (collecting cases). Thus, he has not met his ultimate burden of showing that his early retirement was motivated by age discrimination. See Gagne v. Northwestern Nat. Ins. Co., 881 F.2d 309, 316 (6th Cir.1989).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation